977 F.2d 583
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony IRBY, Marvin Cammack, Defendants-Appellants.
 Nos. 91-3998, 91-3999.
 United States Court of Appeals, Sixth Circuit.
 Oct. 6, 1992.
 
 Before KEITH and BATCHELDER, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Both defendant-appellants, Anthony Irby and Marvin Cammack, were convicted after a jury trial for conspiracy to commit a drug offense, possession with intent to distribute cocaine base, and the use and carrying of a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). Irby was also convicted of distribution of cocaine base. Irby appeals only his sentence, and Cammack appeals his convictions and his sentence.
 
 
 2
 Both Irby and Cammack raise the question of whether it was foreseeable to them that all of the cocaine base that was seized and used in their prosecution would be part of the conspiracy. Irby also contends that he should have been granted a two-point reduction for acceptance of responsibility. Cammack challenges the sufficiency of the evidence for each of the counts of which he was convicted. None of these arguments has merit, and the convictions and sentences will be affirmed.
 
 
 3
 As to Irby's claim that he was entitled to a two-point reduction for acceptance of responsibility, Irby concedes that he did not accept responsibility for all the actions of his co-conspirators for which Irby was legally responsible. Sentencing Guideline § 3E1.1(a) provides that the defendant must demonstrate clearly both recognition of and acceptance of responsibility for his criminal conduct. Irby's concession alone is sufficient to justify the district court's denial of the reduction. See United States v. Nelson, 922 F.2d 311, 316-17 (6th Cir.1990), cert. denied, 111 S.Ct. 1635 (1991).
 
 
 4
 With respect to Cammack's claims of insufficient evidence, the record abundantly demonstrates the existence of a conspiracy in which Irby, Cammack, and the other co-conspirators were engaged in a joint operation of selling crack cocaine, and the use of firearms as part of that operation. In addition, Cammack's connection to the conspiracy was sufficiently established. See United States v. Christian, 786 F.2d 203, 211 (6th Cir.1986). Having established Cammack's liability for the conspiracy count, his liability for the substantive counts is easily satisfied under a Pinkerton theory. See Pinkerton v. United States, 328 U.S. 640 (1946); United States v. Christian, 942 F.2d 363 (6th Cir.1991), cert. denied, 112 S.Ct. 905 (1992).
 
 
 5
 Finally, we reject the argument put forth by both Irby and Cammack that the full amount of crack cocaine that was seized was not foreseeable to them, and thus should not have been used to set their base offense levels for sentencing. The prosecution need only prove quantity by a preponderance of the evidence at sentencing, e.g., United States v. Gonzales, 929 F.2d 213, 216 (6th Cir.1991), and we review the district court's determination of the quantity of drugs only to determine if it is clearly erroneous. United States v. Walton, 908 F.2d 1289, 1300-01 (6th Cir.), cert. denied, 111 S.Ct. 532 (1990). The evidence presented at trial showed that both Irby and Cammack were present at the crack house on numerous occasions when crack sales were being made, and were observed selling crack; the record further supports the trial judge's finding that the crack sold in the bar originated from the crack house. The amount of crack counted as part of the conspiracy was foreseeable to both, and there is certainly no clear error in the district court's quantity determination in this case.
 
 
 6
 AFFIRMED.